IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RONALD A. NURSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 115-062 |
| ) | |
| RICHMOND COUNTY SHERIFF'S ) | |
| DEPARTMENT and HOY DARLING, ) | |
| Police Officer, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). As explained below, Plaintiff has been given an opportunity to amend his complaint, and it is the amended complaint that is now before the Court for screening.

### I. SCREENING OF THE AMENDED COMPLAINT

#### A. BACKGROUND

Plaintiff names the following Defendants: (1) Richmond County Sheriff's Department, and (2) Police Officer Hoy Darling. (Doc. no. 9, pp. 1, 2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendant Darling, presumably an officer with the Richmond County Sheriff's Department, effectuated a traffic stop involving Plaintiff on February 1, 2015. (Id. at 2.) Defendant Darling "tested the plaintiff for only alcohol and no other substances or drugs." (Id.) No drugs were found in Plaintiff's car, and he was not charged with possession of illegal substances. (Id.) He was, however, arrested and charged with driving while under the influence of multiple substances, even though there was no evidence "from a urine, blood, and/or 10 panel hair follicle drug test" that Plaintiff had multiple substances in his system. (Id.) This "fake and phony charge" has caused Plaintiff significant hardship in his life and ruined his career as a social and human services worker. (Id. at 3.) Plaintiff also alleges, without explanation, that both Defendants have "conspire[ed] to destroy plaintiff." (Id.) He seeks sixty million dollars from each defendant, removal of the "fake and phony drug charge from his rap sheet," and an award of the salary and pension of Defendant Darling.

Although Plaintiff disregarded the Court's instructions regarding the provision of the status of his underlying criminal proceedings related to the February 1, 2015 traffic stop, (doc. no. 8, p. 3), publicly available records indicate that the case is still pending, Plaintiff is represented by counsel in the proceedings, and Plaintiff has three charges against him: (1) Driving Under the Influence of Alcohol, (2) Driving with an Unlawful Alcohol Concentration, and (3) No Headlights After Dark. State v. Nurse, Case No. 2015RCMC04579 (Richmond County Magistrate Court Feb. 1, 2015), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2015RCMC04579); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"

3

Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order.**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court provided Plaintiff explicit instructions on the method for amending his complaint if he wanted to pursue this case, including the admonition that he had failed to state whether the charges resulting from the February 1, 2015 traffic stop had been resolved at the state level. (Doc. no. 8, p. 3.) The Court further explained that without this information about the status of his charges, the Court could not determine whether

4

adjudication of Plaintiff's claims in federal court would impermissibly interfere with ongoing state court proceedings. (Id. (citing 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (explaining abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971))).)

In his amended complaint, Plaintiff again failed to provide the Court with any information on the status of his underlying criminal proceedings. The Court specifically identified this information as necessary for the screening process, yet Plaintiff failed to provide it. Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Thus, Plaintiff's case should be dismissed for failing to follow the Court's instructions regarding amending his complaint.

### 3. The Court Should Abstain under the Younger Doctrine.

In addition, the case should be dismissed because of the abstention doctrine. Plaintiff alleges that he should not have been charged on the night of his arrest with driving under the influence of multiple substances because he was only tested for alcohol. The charging decision is one that belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."[1] 31 Foster Children v. Bush, 329 F.3d 1255,

---

[1] While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F.

5

1274 (11th Cir. 2003).

First, although Plaintiff refused to provide the relevant information to the Court, public records indicate the underlying criminal proceedings are ongoing. There is no final disposition indicated in public records, and therefore the Court presumes the state proceeding is ongoing. Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Moreover, in addition to monetary damages, the relief Plaintiff seeks is removal of the "fake and phony drug charge" from his rap sheet, but it appears the State did not ultimately choose to pursue a drug charge because his pending charges relate to driving under the influence of alcohol and driving without headlights. See State v. Nurse, Case No. 2015RCMC04579.

Second, the underlying proceeding implicates an important state interest in criminally prosecuting traffic offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. Third, Plaintiff has not established that the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, it appears as though the state proceedings, in taking their natural course, may have vindicated Plaintiff's contention that he was "overcharged" with driving under the influence of multiple substances because the charges he now faces relate to driving under the influence of alcohol.

In sum, Plaintiff's criminal proceeding is ongoing, implicates an important state interest, and will provide an adequate opportunity to raise constitutional challenges to the

---

App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

offenses charged. Thus, this Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA